COCA–COLA BOTTLING COMPANY OF
PLAINVIEW, Appellant,

v.

N. C. WHITE, Jr., Individually, and as
next friend of Shelly White, a
minor, appellee.

No. 5661.

Court of Civil Appeals of Texas,
Waco.

Dec. 30, 1976.

Rehearing Denied Jan. 20, 1977.

**280**

Aldridge, Harding & Aycock, Farwell, Crenshaw, Dupree & Milam, Lubbock, for appellant.

John M. Black, Friona, for appellee.

HALL, Justice.

N. C. White, Jr., brought this suit individually and on behalf of his minor daughter, Shelly, for damages they allegedly suffered because Shelly drank a beverage bottled by appellant, Coca-Cola Bottling Company of Plainview, which contained the remains of a mouse. Trial was to a jury which answered all special issues in favor of appellee's contentions. Among other findings, the jury found in answers to issues numbered as follows that (2) Shelly suffered illness proximately caused by the contaminated drink; (5) $2,500 would fairly and reasonably compensate Shelly for past pain, suffering and mental anguish; and (6) $200 would fairly and reasonably compensate Mr. White for reasonable and necessary expenses for doctor's care and medicines and transportation provided by him, in treatment of Shelly's illness. Judgment was rendered in favor of appellee on the verdict for these amounts.

In its first five points of error, appellant contends the evidence is factually insufficient to support the jury's answers to issues 2 and 5; and that the evidence is legally insufficient, or, alternatively, factually insufficient to support the answer to issue 6. Particularly, appellant asserts insufficiency of the evidence on these issues because there is no expert medical proof that Shelly's illness resulted from drinking the contaminated beverage, and no medical proof that the expenses incurred by Mr. White *were reasonable* and necessary.

The material facts are virtually undisputed in the record. Briefly stated, they show that Shelly drank a part of the beverage in question on the afternoon of July 30, 1974. At that time she was a healthy, active, nine year old child. The beverage "tasted terrible" to her, and she asked an adult friend nearby to look at it. It was discovered the drink contained discernible parts of the head, front legs, body, and tail of a mouse. Shelly became upset and began crying. She refused supper that evening. She was ill all that night with spells of stomach cramps, vomiting and nightmares. The next day (and three times thereafter) she was taken to the doctor as a result of this illness. From then until March, 1975, she suffered stomachaches, nervousness, weight loss, and listlessness as a result of this experience. On one occasion at school, when the children were singing a song about a mouse, she became ill and fainted. On many occasions during this time, Shelly's parents were required to take her home from school because she was ill with stomach cramps.

■ The testimony of Shelly's resulting illness came from her and her parents, and there was no expert medical proof these ailments were caused by drinking the contaminated beverage. However, expert medical proof as to the cause of an injury is not necessary in cases, like this one, where the injury can be reasonably anticipated by the general experience or common sense of men as a probable result of the asserted event of causation. *Griffin v. Texas Employers' Insurance Association,* 450 S.W.2d 59, 61 (Tex.Supp.1970); *Coca-Cola Bottling Co. Of Fort Worth v. McAlister,* 256 S.W.2d 654, 656 (Tex.Civ.App.—Fort Worth 1953, no writ hist.); 17 Tex.Jur.2d 308, Damages, § 248.

■ A review of the entire record convinces us the jury's answers to special issues 2 and 5 are not against the great weight and preponderance of the evidence.

■ There is proof Mr. White necessarily incurred reasonable transportation expenses totaling $96.00 as a result of Shelly's illness. However, there is not proof the medical bills for which he seeks reimbursement

were necessarily incurred for the treatment of her illness. Accordingly, the jury's award of damages to him in answer to special issue 6 is excessive by $104.00.

■ Appellant assigns error to the court's failure to include the element of "new and independent cause" in the definition of proximate cause in the charge to the jury. Appellee says this defense is not raised by the proof, but we need not decide this question. The court was not required to include new and independent cause in the charge for two reasons. First, this is a defense required to be affirmatively pleaded under the provisions of Rule 94, Vernon's Tex.Rules Civ.Proc. Appellant did not plead it. Second, appellant objected to the definition of proximate cause because of the omission, but it did not tender a substantially correct definition of "new and independent cause" for inclusion in the charge. The complaint was therefore waived under the terms of Rule 279, Vernon's Tex.Rules Civ.Proc. *McDonald v. Williamson,* 393 S.W.2d 328, 329 (Tex.Civ. App.—Waco 1965, no writ hist.); *Querner v. De Spain,* 339 S.W.2d 723, 725 (Tex.Civ.App. —San Antonio 1960, writ ref'd n.r.e.); *Western Union Telegraph Co. v. Hinson,* 222 S.W.2d 636, 640 (Tex.Civ.App.—Amarillo 1949, writ ref'd n.r.e.).

Appellant's remaining contentions are without merit. They are overruled.

The judgment is modified to provide that Mr. White shall recover $96.00, rather than $200.00, for his expenses. As so modified, the judgment is affirmed.