Affirmed and Memorandum Opinion filed September 5, 2006








Affirmed and Memorandum Opinion filed September 5, 2006.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00560-CV

____________

 

ROBERT POLMOUNTER, Appellant

 

V.

 

KEYSTONE FOOD PRODUCTS, INC., Appellee

 



 

On Appeal from the 278th
District

Grimes County, Texas

Trial Court Cause No. 29,797

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Robert Polmounter, challenges the granting of a
no-evidence summary judgment in favor of appellee, Keystone Food Products.  We
affirm.  








On February 5, 2004, Polmounter, an inmate at the Pack Unit
of the Texas Department of Criminal Justice, shared a bag of Keystone=s Aparty mix@ with two other inmates,
John Clifton and Paul Long.  Polmounter alleges finding a strip of chicken in
the bottom of the bag and claims he became sick with food poisoning several
hours later.  Appellant attempted to receive emergency medical care at the
prison facility but was instructed to follow an internal policy for non-life
threatening injuries.  Appellant filed the request form, but by the time the
nurse responded to his request, Polmounter was no longer sick.  Polmounter was
never seen by a physician. 

On July 20, 2004, Polmounter filed a negligence action
against Keystone.  Keystone filed a no-evidence summary judgment motion, which
the trial court granted.  Polmounter appeals the granting of the motion in six
issues.  The first four issues pertain to whether Polmounter presented a fact
issue as to causation.  In the fifth issue, Polmounter contends the trial court
failed to consider purportedly deemed admissions against Keystone, and in the
sixth issue, Polmounter alleges the trial court lacked jurisdiction to grant Keystone=s motion to
dismiss. 

Discussion

I.                   
Trial Court=s
Jurisdiction








In his sixth issue, Polmounter contends the trial court
lost jurisdiction over this cause of action under Texas Rules of Civil
Procedure 329b(e) and (g), and therefore, could not hear Keystone=s motion to dismiss .  See
Tex. R. Civ. P. 329b(e),
(g).  A trial court retains plenary jurisdiction over a case for thirty days
after its judgment becomes final.  See Tex.
R. Civ. P. 329b(d); Lane Bank Equip. Co. v. Smith S. Equip., Inc.,
10 S.W.3d 308, 311B12
(Tex. 2000).  The trial court granted Keystone=s
motion for summary judgment on January 8.  On March 17, Keystone filed with the
trial court a motion to dismiss with prejudice under Texas Rule of Appellate
Procedure 45.  The trial court purported to grant Keystone=s motion on April 8, but it
did not award Keystone damages.  Because this order was signed after the trial
court=s plenary power
expired, it is void.  See In re Dickason, 987 S.W.2d 570, 571
(Tex. 1998).  We sustain
Polmounter=s sixth issue.  However, because the April 8 order grants no more relief
than the summary judgment, the sustaining of this issue yields no relief for
Polmounter.  Furthermore, if Keystone wanted to dismiss this appeal as
frivolous and ask for sanctions, it should have filed such a request with this
court.[1] 
Because it did not file any such motion with this court, Polmounter=s appeal to this
court was not hindered.    

 

II.                
Admissions

In his fifth issue, Polmounter contends the trial court
erred in granting summary judgment because he claims his requests for
admissions to Keystone were deemed against Keystone, and therefore, summary
judgment should have been precluded.  Requests for admissions and answers are
considered part of the record if they are filed with the clerk of the court.  Newman
v. Utica Nat=l
Ins. Co. of Tex., 868 S.W.2d 5, 7 (Tex. App.CHouston
[1st Dist.] 1993, writ denied).  Admissions, whether admitted or deemed, may
resolve a fact issue if they conclusively establish the facts stated therein.  See
Tex. R. Civ. P. 198.3; CEBI
Metal Sanayi Ve Ticaret A.S. v. Garcia, 108 S.W.3d 464, 466 (Tex. App.CHouston [14th Dist.] 2003,
no pet.).  If a party does not respond to a request for admissions, the request
is considered admitted without the necessity of a court order.  Tex. R. Civ. P. 198.2(c).  A responding
party is required to serve a written response within thirty days after service
of the request, except a defendant served with a request before the answer is
due need not respond until fifty days after service.  Tex. R. Civ. P. 198.2(a).  Before untimely answered requests
for admissions are automatically deemed admitted and considered as summary
judgment proof, proper service must be shown.  Sosa v. Williams, 936
S.W.2d 708, 710 (Tex. App.CWaco
1996, writ denied).  








The certificate of service on Polmounter=s request for admissions
shows the request was served on Keystone on September 2, 2004 by U.S. mail;
therefore, Keystone=s
response was due no more than thirty-three days later on October 5.  See Tex. R. Civ. P. 21a; 198.2(a). 
Polmounter contends Keystone submitted its responses past the deadline on
October 13.  Polmounter filed a motion for sanctions and order compelling
discovery on October 13, the same day he contends Keystone answered his
requests for admissions, requesting the trial court to order Keystone to
respond to his discovery requests, but neither this pleading nor Polmounter=s brief to this court
constitute evidence of Keystone=s
failure to respond to Polmounter=s
request for admissions.  Thus, there is no evidence in the record to support
Polmounter=s contention
that his requests for admissions are considered admitted against Keystone. 
Accordingly, we do not consider the purported admissions as summary judgment
proof and overrule Polmounter=s
fifth issue. 

III.              
No Fact Issue as to Causation








Polmounter=s
first through fourth issues address whether he raised a fact issue in response
to Keystone=s
no-evidence motion for summary judgment.  We review the granting of summary
judgment de novo to determine whether summary judgment proof establishes
as a matter of law there is no genuine issue of material fact.  Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215B16 (Tex. 2003); Nixon v.
Mr. Prop. Mgmt. Co. Inc., 690 S.W.2d 546, 548B49
(Tex. 1985).  A defendant moving for a no-evidence summary judgment must
specifically state the elements of a claim to which there is no evidence.[2] 
Tex. R. Civ. P. 166a(i); Cruikshank
v. Consumer Direct Mortgage, Inc., 138 S.W.3d 497, 500 (Tex. App.CHouston [14th Dist.] 2004,
pet. denied).  Once a no-evidence summary judgment has been filed, the
non-movant must bring forth more than a scintilla of evidence to raise a fact
issue on the challenged elements on which the non-movant would have the burden
of proof.  See Tex. R. Civ. P. 166a(i)
Cruikshank, 138 S.W.3d at 500; Russo v. Smith Int=l, Inc., 93 S.W.3d 428,
433 (Tex. App.CHouston
[14th Dist.] 2002, pet. denied).  A movant for a no-evidence summary judgment
does not bear the burden of establishing a right to judgment by proving each
claim or defense.  Russo, 93 S.W.3d at 433.  The evidence amounts to
more than a scintilla when it Arises
to a level that would enable reasonable and fair-minded people to differ in
their conclusions.@  King
Ranch, Inc. v. Chapman, 118 S.W.3d 742, 751 (Tex. 2003).  We review the
granting of a no-evidence summary judgment in the light most favorable to the
non-movant, disregarding all contrary evidence and inferences.  Green v.
Indus. Specialty Contractors, Inc., 1 S.W.3d 126, 130 (Tex. App.CHouston [1st Dist.] 1999,
no pet.). 

The elements of a negligence cause of action are the
existence of a legal duty, a breach of that duty, and damages proximately
caused by the breach.  D. Houston, Inc. v. Love, 92 S.W.3d 450, 454
(Tex. 2002).  Keystone moved for summary judgment on the grounds of breach and
proximate cause.  Proximate cause requires proof of cause in fact and
foreseeability.  IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason,
143 S.W.3d 794, 798 (Tex. 2003).  Cause in fact and foreseeability cannot be
satisfied by mere conjecture, guess, or speculation.  Id. at 798B99.  Cause in fact is
established when the act or omission was a substantial factor in bringing about
the injuries, and without it, harm would not have occurred.  Id. at 799.









Keystone contends Polmounter did not raise a fact issue
in his response to the no-evidence motion for summary judgment because he did
not attach any summary judgment evidence to his response.  It is well settled
that neither the motion for summary judgment, nor the response, even if sworn,
is ever proper summary judgment proof.  Quanaim v. Frasco Rest. &
Catering, 17 S.W.3d 30, 42 (Tex. App.CHouston
[14th Dist.] 2000, pet. denied).  Polmounter filed three pleadings in response
to Keystone=s motion
for summary judgment: (1) Plaintiff=s
Response to Defendant=s
No Evidence Motion for Summary Judgment; (2) Addendum to Plaintiff=s Response to Defendant=s No Evidence Motion for
Summary Judgment; and (3) Plaintiff=s
Motion Objecting to Defendant=s
No Evidence Motion for Summary Judgment.  Polmounter did not attach any summary
judgment evidence to any of those pleadings.  A review of the entire record
shows Polmounter submitted three purported affidavits and a prison medical form
to the court with his original petition and in response to discovery requests
from Keystone.  He also filed, in one of his many responses to Keystone=s request for disclosure,
interviews he conducted with two prison food service personnel.  As a
threshhold issue, we note that none of the evidence in the record, which could
amount to summary judgment proof, states Polmounter ate the allegedly
contaminated chicken strip or that eating the chips caused Polmounter=s illness.  

Assuming, without deciding, the affidavits in the record
are sufficient summary judgment proof, the facts set forth therein do not show
the chicken strip caused Polmounter=s
illness.  The allegations in the affidavits show the other inmates saw
Polmounter eat from the bag of chips and later saw Polmounter vomit over the
course of the next two days.  They also admit eating chips from the bag, but
they did not become sick.  Polmounter argues the other inmates did not become
sick because he consumed the most chips.  

Polmounter also did not see a doctor about his illness. 
The only evidence in the record that he attempted to see a doctor is from a
prison medical form, which indicates he attempted to see a doctor but was
denied access.  Polmounter attached this form to his response to Keystone=s request for production. 
The form, however, is not attached to an affidavit and contains the following
handwritten note at the top of the form: AThis
is a handmade copy of the I-60 request to medical.@  A party cannot authenticate a document for use
in its own favor by merely producing it in response to a discovery request.  Blanche
v. First Nationwide Mortgage Corp., 74 S.W.3d 444, 452 (Tex. App.CDallas 2002, no pet.). 
Even if we were to consider this form as competent summary judgment proof as to
causation, which we do not, the form does not indicate how the alleged
contaminated food may have made Polmounter sick, or that he ever had food poisoning.









Polmounter next attempts to provide evidence of
causation through two interviews with prison food service personnel.  Purported
transcriptions of these interviews were attached to Polmounter=s third response to
Keystone=s request for
disclosure.  These interview transcripts are typed and not sworn to by either
the interviewer (allegedly Polmounter) or the interviewees.  See id.  Furthermore,
the questions and answers in the interview make allegations of medical
diagnosis for which neither interviewee has offered any expertise or experience
to support such a conclusion.  








In his pleadings, Polmounter argued that he did not have
to provide expert testimony in this lawsuit because such evidence is not
required in a negligence action.  In his brief to this court, he argues
documented medical proof is not the only evidence that can prove Keystone=s food product caused his
illness because the connection between food and illness may be inferred by a
balancing of probabilities.  See Rehabilitative Care Sys. of Am. v. Davis,
43 S.W.3d 649, 657 (Tex. App.CTexarkana
2001), pet. denied, 73 S.W.3d 233 (Tex. 2002) (per curiam) (holding
expert testimony is not needed when underlying negligence involves standard of
non-medical, administrative, ministerial, or routine care at a hospital);[3]
Coca-Cola Bottling Co. of Plainview v. White, 545 S.W.2d 279, 280 (Tex.
Civ. App.CWaco 1976,
no writ) (holding lay testimony was sufficient to prove causation for injury
from drinking beverage that contained remains of a mouse); Herbert v.
Loveless, 474 S.W.2d 732, 738 (Tex. Civ. App.CBeaumont
1971, writ ref=d
n.r.e.) (holding in strict liability action that a causal connection between
food and illness may be inferred by a balancing of probabilities when a large
number of restaurant patrons became sick ).  The cases cited by Polmounter
discuss the rule of law pursuant to which lay testimony may be used to prove
causation when general experience and common sense will enable a layman to
determine, with reasonable probability, the causal relationship between the
event sued upon and the illness.  See Morgan v. Compugraphic Corp, 675
S.W.2d 729, 733 (Tex. 1984).  However, the issue in this case is not whether
lay testimony can show whether the alleged chicken strip caused Polmounter=s injuries.  The issue is
whether the proof put forth here by Polmounter regarding proximate cause was
adequate to raise a genuine issue of material fact on that element of his
negligence claim.  It was not.  

Polmounter did not include any summary judgment evidence
with his response to Keystone=s
motion for summary judgment, and a review of the other record evidence he
produced during discovery does not demonstrate the severity of Polmounter=s illness, other than
general malaise for two days after eating the chips, nor does it show whether
the alleged chicken strip caused his illness.  See, e.g., Duffy v.
Denny=s Rest.,
No. 05-96-01929-CV, 1999 WL 23215, at *2 (Tex. App.CDallas Jan. 22, 1999, no pet.) (not designated
for publication) (reversing trial court=s
granting of summary judgment because a fact issue was raised as to causation
when plaintiff=s
summary judgment proof included physician=s
affidavit that plaintiff suffered from salmonella gastroenteritis from raw meat
eaten the previous evening).  We hold Polmounter presented no evidence the
alleged contaminated chips proximately caused his illness.  Accordingly, we
overrule Polmounter=s
first through fourth issues.

Conclusion

Having considered each of Polmounter=s issues on appeal, we
affirm the judgment of the trial court. 

 

 

 

/s/         John
S. Anderson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed September 5, 2006.

Panel consists
of Justices Anderson, Edelman, and Frost.









[1]  Appellate courts, not trial courts, are permitted to dismiss appeals or
grant sanctions for frivolous appeals.  See, e.g., Scott-Richter v.
Taffarello, 186 S.W.3d 182, 186B87 (Tex. App.CFort Worth 2006, pet. denied) (analyzing under Rule of
Appellate Procedure 42.3 whether appellate court should dismiss appeal because
the appellant=s notice of appeal was filed late);
Conseco Finance Serv. v. Klein Indep. Sch. Dist., 78 S.W.3d 666, 676
(Tex. App.CHouston [14th Dist.] 2002, no pet.)
(appellate court declining to grant sanctions under Rule of Appellate Procedure
45 because appeal had a reasonable basis in law and constituted an informed,
good-faith challenge to the trial court=s judgment).





[2]  In his second issue, Polmounter contends the trial
court erroneously ruled on Keystone=s
no-evidence motion for summary judgment because the motion was a conclusory or
general challenge to Polmounter=s case.  See
Tex. R. Civ. P. 166a(i).  We
disagree.  Keystone=s no-evidence motion for summary judgment specifically
challenged the breach and causation elements of Polmounter=s negligence cause of action.  Explicit assertions
that there is no evidence to one or more specifically identified elements of
the opponent=s claim are not conclusory or general as prohibited by
Rule 166a(i).  See Johnson v. Felts, 140 S.W.3d 702, 706 (Tex. App.CHouston [14th Dist.] 2004, pet. denied).  Therefore,
the trial court=s ruling was not an abuse of discretion and did not
prove Ait did not know or understand the rules of summary
judgment,@ as argued by Polmounter.  





[3]  Polmounter cites Rehabilitative Care Systems of
America v. Davis for the proposition recited here, but he fails to
acknowledge the Texas Supreme Court=s
explicit disapproval of this holding when it denied review of the case.  See
73 S.W.3d 233, 234 (Tex. 2002) (per curiam).