Affirmed and Memorandum Opinion filed June 24, 2008








Affirmed and Memorandum Opinion filed June 24, 2008.

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01022-CV

_______________

 

TARRIS WOODS, Appellant

 

V.

 

CITY OF GALVESTON, TEXAS and CITY OF GALVESTON FIRE
FIGHTERS= AND POLICE OFFICERS= CIVIL SERVICE COMMISSION, Appellees

                                                                                                                                               


On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 05CV0638

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

In this
employment discrimination suit, a former fire fighter appeals a summary
judgment in favor of the City of Galveston and its civil service commission. 
Specifically, the fire fighter asserts that the trial court erred in granting
summary judgment because the city and the city civil service commission did not
establish as a matter of law that (a) res judicata barred his claims, (b) his
claims of substantive and procedural due process violations were barred because
he sought only monetary relief,  and (c) he did not establish a prima facie
case of racial discrimination.  We affirm.








I.  Factual and Procedural Background

Tarris
Woods was employed as a firefighter by the City of Galveston (the ACity@) in February 1980.  In March 1988,
Woods wrote to the City=s fire chief, Willie Wisko, requesting disability retirement
due to a work-related disability.  Wisko responded that Woods=s Aresignation@ had been accepted and referred Woods
to the Civil Service and Finance Directors regarding any compensation, insurance
benefits, or retirement options.  Woods subsequently received disability
retirement benefits from the Fireman=s Relief and Retirement Fund (the AFRRF@).

Several
years later, in November 1996, the FRRF received a physician report stating
that Woods was no longer disabled, and it terminated his disability retirement
benefits.  Woods appealed this decision to an administrative law judge, who upheld
it.  After receiving a right-to-sue letter from the Equal Employment
Opportunity Commission (the AEEOC@), Woods sued the City and the FRRF in federal district
court, alleging racial discrimination in the City=s failure to reinstate his employment
and in the FRRF=s termination of his disability benefits.  Woods v. City
of Galveston, 5 F. Supp. 2d 494, 494 (S.D. Tex. 1998).  Both the City and
the FRRF moved for  summary judgment.  As is relevant to this appeal, the trial
court granted the motion on the ground that Woods failed to establish a prima
facie case of discrimination.  Id. at 501.  The federal court reached
this conclusion in part because Woods had not sought, and therefore did not
receive, a hearing before the City=s Civil Service Commission (the ACommission@) as required by the Texas Local
Government Code.  Id.  The court reasoned that Woods was not  Aqualified@ for the position he sought.  Id. 
The federal court further noted that Woods and Kenneth Coleman, the individual
Woods had identified as similarly situated, were not comparable because Coleman
had followed the proper procedure for reinstatement.  Id. at n.7.[1]    








Two
years after the federal court dismissed Woods=s discrimination claims with
prejudice, Woods requested reappointment to the classified position he had held
with the Galveston Fire Department (the ADepartment@) before his disability retirement. 
In a letter dated April 13, 2000, the City=s Civil Service/Personnel Director,
Carolyn Cox, informed Woods that she had received his request for reappointment
to active duty with the Department.  Cox informed Woods that, for the
Commission to consider his request, he needed to apply for recertification with
the Texas Commission for Fire Protection (the ATCFP@).[2] 
Over two years later, in August 2002, Woods sent a similar letter requesting
reappointment to active duty with the Department; Cox again responded that
Woods needed to apply for recertification with the TCFP to have his request considered. 
On March 8, 2004, Woods requested a hearing before the Commission for
appointment to the classified position he held with the Department before his
disability.  Cox responded to this letter on March 19 by reiterating that Woods
needed to apply for recertification with the TCFP before his request could be
considered.  

Also on
March 19, Woods sent another letter to Cox, in which he claimed that he had
been instructed to return to Cox=s office on two occasions to receive
a reply to his March 8, 2004 request, but one had not been ready.  Woods
concluded this letter as follows:








I have
reach[ed] the conclusion that I would allow this letter to serve the City of
Galveston notice that I have exhausted all the municipal administrative
remedies for reappointment after recovery from a disability found under the
Texas Local Government Code, Chapter 143.  And, I will no longer pursue redress
at this level.

The record does not contain
a response to Woods=s final letter.  Further, the record is devoid of any
indication that Woods applied for recertification with the TCFP.

Subsequently,
Woods filed a charge of racial discrimination against the City with the EEOC,
detailing his complaint as follows:

I.          I was employed by Respondent as a Firefighter.  Around
1988, I went out on disability retirement.  On or about 1999, a physician
working for Respondent, determined that I was no longer disabled.  Therefore in
April 2000, August 2002 and most recently on March 8, 2004, I made a formal
request for a hearing before the Civil Service Commission so that I could get
my job back.  On March 19, 2004, Ms. Carolyn Cox, Civil Service Director,
denied my request for a hearing.

II.         According to Ms. Cox, I need to apply for recertification
with the Texas Commission for Fire Protection before the Civil Service
Commission will consider my request.  However, I am aware of a similarly
situated Caucasian employee who was granted a hearing in spite of the fact that
he was not certified by the Texas Commission for Fire Protection.

III.       I believe that I have been discriminated against because of
my race, Black, in violation of Title VII of the Civil Rights Act of 1964, as
amended.

After being issued a
right-to-sue letter by the EEOC, Woods filed suit against the City and the
Commission, alleging racial discrimination in violation of the Texas Commission
on Human Rights Act (ATCHRA@) and denial of his due process rights.  He again identified
Kenneth Coleman as his comparator as part of his prima facie case of
discrimination.








The City
and the Commission filed a traditional motion for summary judgment, asserting
that Woods=s claims should be dismissed because (1) there was no implied right of
action for damages under the Texas Constitution; and (2) Woods was not
similarly situated to Coleman.  Further, the Commission argued that it was not
Woods=s employer and would therefore have
no liability under Woods=s pleadings. On October 6, 2006, the trial court granted the
summary judgment and dismissed Woods=s claims with prejudice.  This appeal
timely followed.[3]  

II.  Issue Presented

In a
single issue, Woods asserts that summary judgment was not supported by the
grounds presented in the summary judgment motion.  Specifically, he contends
that the three asserted bases for summary judgmentCwhich Woods identifies as res
judicata,[4] dismissal of
due process violations because he sought monetary relief, and failure to
establish his prima facie case of discriminationCcannot support summary judgment in
this case.  The City and the Commission respond, inter alia,  that
summary judgment was appropriate because Woods did not establish his prima
facie case of discrimination as he and Coleman were not Asimilarly situated.@    

III.  Analysis

A.        Standard
of Review








We
review summary judgments de novo.  Valence Operating Co. v. Dorsett, 164
S.W.3d 656, 661 (Tex. 2005).  Where, as here, the trial court grants the
judgment without specifying the grounds, we affirm the summary judgment if any
of the grounds presented are meritorious.  FM Props. Operating Co. v. City
of Austin, 22 S.W.3d 868, 872B73 (Tex. 2000).   In a traditional
motion for summary judgment, the movant has the burden of showing that there is
no genuine issue of material fact and that it is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c);
Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997).  To be
entitled to traditional summary judgment, a defendant must conclusively negate
at least one essential element of each of the plaintiff=s causes of action or conclusively
establish each element of an affirmative defense.  Sci. Spectrum, Inc. v.
Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Evidence is conclusive only if
reasonable people could not differ in their conclusions.  City of Keller v.
Wilson, 168 S.W.3d 802, 816 (Tex. 2005).  Once the defendant establishes
its right to summary judgment as a matter of law, the burden shifts to the
plaintiff to present evidence raising a genuine issue of material fact.  City
of Houston v. Clear Creek Basin Auth., 589 S.W.2d 671, 678B79 (Tex. 1979).

B.        Prima Facie Case of
Discrimination








As a
preliminary matter, we note that Woods failed to respond in either the trial
court or this court to the Commission=s argument that it had no liability
under Woods=s pleadings for racial discrimination because it was not his employer. 
Woods has therefore waived any argument that the trial court erred in granting
summary judgment to the Commission on this claim, and we only address his
discrimination contentions as they relate to the City.  See, e.g.,
Wortham v. Dow Chem. Co., 179 S.W.3d 189, 202B03 (Tex. App.CHouston [14th Dist.] 2005, no pet.)
(upholding summary judgment on unchallenged grounds).  Although alleged under
Texas law,[5] we may look
to federal precedent for guidance because the relevant parts of our state law Aare patterned after Title VII of the
federal Civil Rights Act.@  Quantum Chem. Corp. v. Toennies, 47 S.W.3d 473, 474
(Tex. 2001).   In the absence of direct evidence of discrimination, we review
cases brought under the TCHRA by applying the burden‑shifting analysis
established by the United States Supreme Court in McDonnell Douglas Corp. v.
Green.[6]  See Russo
v. Smith Int=l, Inc., 93 S.W.3d 428, 434 & n.5 (Tex. App.CHouston [14th Dist.] 2002, no pet.). 
Under this standard, Woods must first establish a prima facie case of
discrimination.  Id.  To establish a prima facie case of discrimination
under the TCHRA, Woods must show that  (1) he is a member of a protected class,
(2) he suffered an adverse employment action, and (3) similarly-situated
non-protected class members were not similarly treated.  See Winters v.
Chubb & Son, Inc., 132 S.W.3d 568, 574 (Tex. App.CHouston [14th Dist.] 2004, no pet.). 
As part of his prima facie case, Woods must demonstrate by a preponderance of
the evidence that there were non-protected class members similarly situated in
all material respects to him who were treated differently.  See Ysleta
Indep. Sch. Dist. v. Monarrez, 177 S.W.3d 915, 917 (Tex. 2005) (per
curiam); see also Gillmore v. AT&T, 319 F.3d 1042, 1046 (8th
Cir. 2003).  AEmployees are similarly situated if their circumstances are comparable in
all material respects, including similar standards, supervisors, and conduct.@  Monarrez, 177 S.W.3d at 917.

In its
motion for summary judgment, the City argued that Woods could not establish a
prima facie case because Kenneth Coleman=s circumstances were not comparable
in all material respects with Woods=s circumstances.  Specifically, the
City asserted that Woods, unlike Coleman, never sought recertification from the
TCFP.  Coleman, on the other hand, had taken steps to recertify: he had taken
and passed both the written and the skills exams prior to seeking
re-appointment.  This distinction between the circumstances of Woods and
Coleman is highlighted by a letter from the TCFP to the City=s former fire chief:








Mr. Coleman
was placed on disability retirement on or about October 2, 1989, at which time
the notice of termination was filed with the TCFP by the Galveston Fire
Department.  Apparently, on or about August 10, 1994, Mr. Coleman was released
by his doctor . . . to return to work.  Mr. Coleman passed the proficiency
examination on or about April 20, 1995, and sought reinstatement with the
Galveston Fire Department within one year of his examination.  Apparently,
a local civil service commission ordered Mr. Coleman=s reinstatement effective June 20, 1996.

(emphasis added).  Woods=s response to the City=s summary-judgment motion also
included the deposition testimony of Danny Weber,[7]
the City=s fire chief at the time Woods sought
reinstatement.  In his deposition, Weber testified that he had explained the
steps Woods needed to follow to be reappointed:

He would
have to receive and take from the [TCFP] the written exam and the skills exam.
. . .  And in fact [I] called the [TCFP] while Mr. Woods was there in my office
and explained to them that I had a prior fire fighter who had been off on
disability for a number of years and was looking to be recertified and asked
what would he have to do.  They told me he would have to take the tests and
they would forward to him a packet of information, study materials, what he
needed to do etcetera. . . .  I know that I gave Mr. Woods . . .
the [TCFP]=s phone number, address and what have you.  I don=t know whether they spoke that day or not.  And so
that he would be in contact with whom he needed to get the proper B follow the proper procedures to be recertified.

Weber highlighted the
distinctions between Woods=s situation and Coleman=s situation as follows:

Mr.
Coleman, upon being released from disability, went through each step of the
process that he needed to go through to be reinstated.  He first went to the
fire chief, then he went to the Fire Commission.  He took the tests, he passed
the tests, he applied for the hearings.








Mr. Woods,
conversely, just came back to the City and said I=m released and by law you have to put me back to work.

Woods
ignores the fact that Coleman requested reinstatement only after he had
taken and passed the examinations required by the TCFP for certification. 
Woods provides no evidence that he took and passed the TCFP examinations before
seeking reinstatement. Woods attempts to blur this vital distinction between
himself and Coleman by repeatedly emphasizing that Coleman was given a hearing
even though he was not certified by the TCFP, and that Woods was denied a
hearing.  But the letters from the City do not indicate that Woods had to be
certified prior to obtaining a hearing; instead, Cox stated that Woods needed to
apply for recertification.  

Although
Coleman was not certified prior to his hearing before the Commission, Coleman
and Woods were not similarly situated in all material respects because Coleman
had become eligible for recertification as a fire fighter and Woods had not.[8] 
Accordingly, Woods failed to establish a prima facie case of discrimination,
and summary judgment was proper regarding his claims of racial discrimination.

C.        Declaratory
Relief and Constitutional Claims








Woods further
contends that summary judgment was inappropriate on his constitutional claims
regarding violation of his due process rights.  He acknowledges that he is
precluded from seeking monetary relief by City of Beaumont v. Bouillion. 
896 S.W.2d 143, 147 (Tex. 1995).  He complains, however, that he sought Adeclaratory and equitable relief for
violations of his due process rights; specifically, Woods asserted that denial
of his right to a hearing under the applicable Texas statutes was a violation
of substantive and procedural due process.@ 

Regarding
Woods=s contention that summary judgment
was inappropriate on his request for declaratory relief, Woods does not specify
the declaratory relief sought in his briefing before this court.  But in his
fourth amended petition, apparently his live pleading before the trial court,
Woods requested that the trial court Adeclare the rights of the parties as
a matter of law with respect to the question of the hearing and/or whether
Woods is entitled to a hearing.@  

The City
and the Commission sought summary judgment on Woods=s request for declaratory relief on
the basis that a judicial declaration would add nothing to the causes of action
and requests for relief Woods asserted under the TCHRA.  We agree.  Generally, A[t]here is no basis for declaratory
relief when a party is seeking in the same action a different, enforceable
remedy, and a judicial declaration would add nothing to what would be implicit
or express in a final judgment for the enforceable remedy.@ Universal Printing Co. v. Premier
Victorian Homes, Inc., 73 S.W.3d 283, 296 (Tex. App.CHouston [1st Dist.] 2001, pet.
denied).  Thus, we hold the court did not err in granting summary judgment
regarding Woods=s request for declaratory relief.

Woods=s due process complaint is premised
on the alleged denial of a hearing.  But, as previously discussed, Woods was
not denied a hearing; he was informed that he needed to follow a particular
process to obtain a hearing.  Nothing in our record indicates that Woods
followed this process.  Woods has provided no argument or authority that denial
of a hearing under these circumstances is a violation of his due process
rights.[9]  We therefore
affirm the trial court=s grant of summary judgment on Woods=s constitutional claims.








IV.  Conclusion

In sum, Woods has failed to establish a prima facie case of
discrimination.  Thus, the trial court properly granted summary judgment on his
discrimination claims.  In addition, summary judgment was appropriate on his
constitutional claims and his claims for declaratory relief.  We therefore
overrule his sole issue on appeal and affirm the judgment of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

 

 

Judgment rendered and Memorandum
Opinion filed June 24, 2008.

Panel consists of Justices Yates,
Guzman, and Brown. 









[1] 
In its entirety, this footnote provides:

Mr.
Coleman, on the other hand, followed proper procedure; therefore, Coleman and
Plaintiff were not similarly situated.  The Court is aware that at least part
of Plaintiff=s complaint is that he was not informed of the proper
procedures for reinstatement, while a white male was so informed.  Even if the
Court believed that this assertion rises to the level actionable under ' 1981, which it does not, after an exhaustive review of
the summary judgment evidence, the Court finds absolutely nothing to support
this contention.  Furthermore, the comprehensive knowledge of Texas law
evidenced in his letter of retirement induces this Court to seriously question
Plaintiff=s claims of ignorance.

Id.  The
federal court went on to determine that, even if Woods had established his
prima facie case of discrimination, the City=s
proffered reasons for its failure to rehire him were legitimate and
nondiscriminatory.  Id. at 501.  Because the only evidence of pretext
was Wood=s assertion of racial discrimination, with no evidence
to support these assertions except his personal belief, the court concluded
that Woods failed to show pretext.  Id. at 501B02.





[2] 
The TCFP is the state agency charged with
establishing qualifications for fire fighters.  See Tex. Gov=t Code Ann. ' 419.032 (Vernon 2005).  





[3] 
Woods filed both his notice of appeal and a
motion to extend time for filing it on November 14, 2006.  The motion to extend
time to file the notice of appeal was granted by this court.





[4] 
The City and the Commission respond that they
did not assert res judicata as a basis for summary judgment.





[5] 
Section 21.051 of the Texas Labor Code provides:

An employer
commits an unlawful employment practice if because of race, color, disability,
religion, sex, national origin, or age the employer:

(1)        fails or refuses to hire an individual, discharges an
individual, or discriminates in any other manner against an individual in
connection with compensation or the terms, conditions, or privileges of
employment; or

(2)        limits, segregates, or classifies an employee or applicant
for employment in a manner that would deprive or tend to deprive an individual
of any employment opportunity or adversely affect in any other manner the
status of an employee.





[6] 
411 U.S. 792, 792B93 (1973).





[7] 
The record reflects that the fire chief at the
time Woods sought reappointment was Danny Weber.  On the other hand, when
Coleman sought reappointment, the fire chief was Willie Wisko.  This difference
between Coleman=s and Woods=s
circumstances is yet another reason the two are not comparable.  See
Monarrez, 177 S.W.3d at 917.





[8] 
Woods focuses on the following sentence in the
federal court opinion to explain his continued claim of discrimination in light
of that court=s conclusion that he failed to establish a prima facie
case of discrimination:

Prior to
filing this suit in 1997, Plaintiff did not request, and therefore did not
receive, a hearing before the Commission.  Plaintiff therefore was not Aqualified@
for the position sought, and thus fails even to establish a prima facie
case.

Woods, 5 F.
Supp. 2d at 501.  But, as discussed above, in the footnote to this sentence,
the federal court concluded that Woods and Coleman were not similarly
situated.  Id. at n.7. 





[9] 
The City and the Commission repeatedly
emphasized throughout their summary judgment  motion that Woods did not follow
the proper process to obtain a hearing before the Commission, whereas Coleman
did.