**Reversed and Rendered and Memorandum Opinion filed December 31, 2020.**



In the

# Fourteenth Court of Appeals

### NO. 14-18-01041-CV

## FORT BEND INDEPENDENT SCHOOL DISTRICT, Appellant

### v.

## CHRISTOPHER MOORE, Appellee

**On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Cause No. 17-DCV-238734**

## MEMORANDUM OPINION

Appellant Fort Bend Independent School District (Fort Bend) brings this interlocutory appeal from the trial court's order denying its plea to the jurisdiction on appellee Christopher Moore's claims of sex discrimination and retaliation brought under Labor Code chapter 21. Tex. Labor Code Ann. §§ 21.001–.129; *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(8) (interlocutory appeal). Concluding the trial court erred in denying Fort Bend's plea to the jurisdiction, we reverse the trial court's order and render judgment dismissing Moore's claims.

# I.  BACKGROUND

Moore was a paraprofessional employee of Fort Bend working at an elementary school. In August 2015, Moore sent a letter to Fort Bend's human-resources department stating he "would like to personally file a grievance" against the principal of the elementary school, Timothy Clark, and asserting he was the "victim of retaliation" by Principal Clark and his staff. In the letter, Moore stated that he feared being "wrongly terminated," had been subject to "workplace bullying," and had been discouraged from contacting human resources to voice his concerns. Moore also requested a transfer. In his letter, however, Moore did not claim he had been discriminated or retaliated against on account of his sex (male) or on the basis of any other protected characteristic.

On February 3, 2016, Principal Clark informed Illiana Hinojosa, a senior consultant in Fort Bend's human-resources department, that Moore had been accused of yelling at a fifth-grade student, pushing the student, and repeatedly making unnecessary physical contact with the student. Hinojosa investigated this report by interviewing Moore, reviewing witness statements, and viewing a video of the incident. Concluding that Moore's actions warranted termination of his employment, Hinojosa offered Moore the opportunity to resign. After Moore declined, Fort Bend terminated Moore's employment effective February 8, 2016, for, according to the termination letter, "inappropriate physical contact with a student." Moore then filed this litigation alleging sex discrimination and retaliation under Labor Code chapter 21. *See* Tex. Lab. Code §§ 21.051, .055, .125. Fort Bend filed a plea to the jurisdiction, which the trial court denied.

# II.  ANALYSIS

By its interlocutory appeal, Fort Bend challenges the trial court's denial of its plea to the jurisdiction seeking dismissal of Moore's sex-discrimination and

retaliation claims.[1] As a governmental unit, Fort Bend is immune from suit absent an express waiver of governmental immunity. *See Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018) ("Governmental units, including school districts, are immune from suit unless the state consents."). Labor Code chapter 21[2] provides a limited waiver of that immunity when a governmental unit discriminates against an employee on the basis of the employee's race, color, sex, national origin, religion, age, or disability, or retaliates against the employee for opposing or complaining of such discrimination. *See* Tex. Lab. Code §§ 21.051, .055, .125; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 660 (Tex. 2008) (chapter 21 "clearly and unambiguously waives immunity").

Chapter 21's immunity waiver applies only if the plaintiff has alleged a violation within the scope of the statute. *Alamo Heights*, 544 S.W.3d at 770. A governmental unit may use a plea to the jurisdiction to either (1) argue the plaintiff has not pleaded sufficient facts to state a claim or (2) challenge the existence of jurisdictional facts. *Id.* When, as here, the governmental unit challenges the existence of jurisdictional facts, we consider the relevant evidence submitted under a standard that mirrors summary judgment under Texas Rule of Civil Procedure 166a(c). Tex. R. Civ. P. 166a(c); *Alamo Heights*, 544 S.W.3d at 771. Specifically, if the governmental unit challenges the plaintiff's factual allegations with sufficient supporting evidence, to avoid dismissal the plaintiff must raise a genuine issue of

---

[1] We have jurisdiction over this interlocutory appeal pursuant to Civil Practice and Remedies Code section 51.014(a)(8). Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8).

[2] Although Labor Code chapter 21 is often referred to as the Texas Commission on Human Rights Act or TCHRA, the Commission on Human Rights has been abolished and its duties transferred to the Texas Workforce Commission civil rights division. *See* Tex. Lab. Code § 21.0015. Accordingly, we refer to the statute simply as chapter 21. *See Apache Corp. v. Davis*, 573 S.W.3d 475, 489 n.9 (Tex. App.—Houston [14th Dist.] 2019, pet. denied).

.

material fact to overcome the challenge to the trial court's subject-matter jurisdiction. *Alamo Heights*, 544 S.W.3d at 771. When evaluating a challenge to the existence of jurisdictional facts, we take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor. *Id.*

## A. Discrimination

In its first issue, Fort Bend argues the trial court erred in asserting subject-matter jurisdiction over Moore's chapter-21 sex-discrimination claim. *See* Tex. Labor Code § 21.051. When, as here, the plaintiff seeks to prove a claim of unlawful sex discrimination by circumstantial evidence,[3] Texas courts apply the burden-shifting analysis first announced by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*. 411 U.S. 792, 802–05 (1973); *see Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981) (applying *McDonnell Douglas* to sex-discrimination claim);[4] *see also Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 477 (Tex. 2001) (discussing application of *McDonnell Douglas* to chapter-21 discrimination claim). Under the three-step *McDonnell Douglas* framework, the plaintiff first has the burden of proving a prima facie case of discrimination. *Burdine*, 450 U.S. at 252–53. If the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's termination. *Id.* at 253. If the defendant carries this burden, the plaintiff must then prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its

---

[3] Moore does not argue that he has direct evidence of sex discrimination and instead seeks to prove his case by circumstantial evidence.

[4] Because the legislature intended for state law to correlate with federal law in employment discrimination cases, we may look to analogous federal cases when applying Labor Code chapter 21. Tex. Lab. Code § 21.001; *Wal–Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003).

true reasons but were a pretext for discrimination.[5] *Id.*

### 1. Prima facie case

We begin with Moore's burden to prove a prima facie case of discrimination. To prove a prima facie case of sex discrimination, Moore was required to show: (1) he was a member of a protected class; (2) he was qualified for his position; (3) he was terminated; and (4) he was treated less favorably than similarly situated members outside of the protected class. *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005) (citing *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000)).

Fort Bend argues that Moore did not meet his burden to show that he was treated less favorably than similarly situated comparators. Employees are similarly situated if their circumstances are comparable in all material respects, including similar positions, supervisors, and conduct. *Id.* To prove discrimination based on disparate discipline, the disciplined and undisciplined employees' misconduct must be of comparable seriousness. *Id.* Although precise equivalence in culpability between employees is not the ultimate question, to prove discrimination based on disparate discipline, Moore must show "that the misconduct for which [he] was discharged was nearly identical to that engaged in by a [female] employee whom [the employer] retained." *Id.* at 917–18 (quoting *Smith v. Wal–Mart Stores, Inc.*, 891 F.2d 1177, 1180 (5th Cir. 1990)).

Moore identified two comparators: math specialist Marlean Taylor and teacher's aide Brandi Jones, both of whom worked at the same elementary school

---

[5] Moore does not argue that this case should be analyzed under the mixed-motive alternative to pretext analysis, under which a plaintiff must show that the employer's discriminatory intent was a motivating factor in its employment action, after which the employer may avoid all liability by proving that it would have made the same decision even in the absence of the improper motive. *See Quantum Chem.*, 47 S.W.3d at 476–77.

as Moore and reported to Principal Clark. Fort Bend presents evidence it argues shows that Taylor and Jones are not similarly-situated comparators because they engaged in different conduct from Moore; Moore responds that each comparator engaged in similar conduct as he was accused of but was not fired.

Regarding Taylor, Moore alleges that she engaged in "excessive verbal assault against numerous students" and was not fired. Moore, however, was accused of "inappropriate physical contact with a student." As this is a materially different offense, we conclude that Taylor is not an appropriate comparator. *See id.*

Regarding Jones, Moore alleged that Jones physically assaulted a student without being disciplined. Fort Bend argues that the circumstances were sufficiently different to make Jones an improper comparator. Specifically, Jones separated two students who were fighting in the hallway, and in so doing scratched one student on the neck with her fingernail. Fort Bend argues that any physical harm to the student in question was "unintentional," thereby distinguishing Jones's conduct from Moore's "intentional" contact with a student. This is too fine a distinction for purposes of the prima facie case, which requires only a "minimal" showing, *Mission Consol.*, 372 S.W.3d at 634, and does not require "precise equivalence in culpability." *Ysleta*, 177 S.W.3d at 917–18. Indulging every reasonable inference and resolving any doubts in Moore's favor, Moore has presented sufficient evidence that Jones engaged in sufficiently similar "physical contact with a child" and was not fired, making her a proper comparator for purposes of Moore's prima facie case. *See Alamo Heights*, 544 S.W.3d at 771.

We conclude that Moore met his burden to prove a prima facie case of discrimination, entitling him to an initial presumption of discrimination.

### 2. Legitimate nondiscriminatory reason

The burden now shifts to Fort Bend to articulate a legitimate, nondiscriminatory reason for terminating Moore's employment. *Burdine*, 450 U.S. at 253. The burden is one of production, not persuasion. *Reeves*, 530 U.S. at 143. As above, Moore's termination letter states that he was terminated for "inappropriate physical contact with a child." Fort Bend presented evidence that Moore was terminated due to inappropriate contact with a fifth grader and that Moore's sex played no role in the decision. This evidence is sufficient for Fort Bend to meet its burden to show a legitimate, nondiscriminatory reason for terminating Moore's employment, thereby rebutting the prima facie presumption of discrimination. *See Russo v. Smith Intern., Inc.*, 93 S.W.3d 428, 438 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) ("In promulgating its nondiscriminatory reason, the employer quickly and easily rebuts the presumption of discrimination, which summarily drops from the case.").

### 3. Pretext

The next step under the *McDonnell Douglas* framework requires Moore to raise a genuine issue of material fact concerning pretext. *Burdine*, 450 U.S. at 253; *Russo*, 93 S.W.3d at 438. Moore first argues that he is not required to show pretext, as to survive a plea to the jurisdiction on his discrimination claim, he need only prove a prima facie case. The supreme court, however, has expressly rejected this argument. *See Alamo Heights*, 544 S.W.3d at 783 ("But if, as here, jurisdictional evidence rebuts the prima facie case, the entire *McDonnell Douglas* framework is fully implicated, and sufficient evidence of pretext and causation must exist to survive the jurisdictional plea.").

Moore next argues that the fact that he has identified a comparator combined with evidence that Fort Bend's statements are false or unworthy of credence are

sufficient to create a fact question as to pretext. "[A] plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves*, 530 U.S. at 148. However, "instances [exist] where, although the plaintiff has established a prima facie case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory." *Id.*

Moore argues that Fort Bend's stated reason for his termination is false because Fort Bend received witness statements relating to the incident leading to his termination after he had already been fired, and Fort Bend's report of the investigation likewise post-dated Moore's termination. Failure to conduct an investigation under highly suspicious circumstances may create a fact issue as to pretext. *See Ion v. Chevron USA, Inc.*, 731 F.3d 379, 394–95 (5th Cir. 2013). Here, however, Fort Bend presented evidence that, at the time of termination, it had already gathered and reviewed a video of the incident and some witness statements and had also interviewed Moore about the incident. We disagree that the fact that the investigation was not formally completed until after Moore's termination shows that the stated reason for Moore's termination—inappropriate contact with a student—is false. *See Canchola*, 121 S.W.3d at 740 (evidence that investigation was "imperfect, incomplete, or arrived at a possibly incorrect conclusion" was insufficient to show pretext); *McNeel v. Citation Oil & Gas Corp.*, 526 S.W.3d 750, 760–61 (Tex. App.—Houston [14th Dist.] 2017, no pet.) ("Evidence of an imperfect or incomplete investigation is not sufficient to raise a fact issue regarding pretext.").

Moore also argues that Fort Bend has taken inconsistent positions as to who made the decision to terminate Moore's employment, calling Fort Bend's stated

reason for his termination into question. According to Moore, while Fort Bend contends that Hinojosa made the decision to terminate Moore's employment, it was actually Principal Clark who made the decision. In support of this assertion, he cites to his deposition testimony, in which he states that, during a meeting with Hinojosa, he was told that "Mr. Clark was moving to have me terminated." This testimony does not conflict with Hinojosa's statement in her affidavit that she "approved" Moore's termination, and accordingly does not reveal any inconsistency that would rise to the level of showing that the stated reason for the termination is false and that sex discrimination was the actual reason for termination of Moore's employment. *Cf. St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515 (1993) ("But a reason cannot be proved to be 'a pretext *for discrimination*' unless it is shown both that the reason was false, and that discrimination was the real reason.").

We conclude that Moore did not meet his burden to raise a fact issue showing that the stated reason for his termination was a pretext for sex discrimination, and accordingly we sustain Fort Bend's first issue.

## B.    Retaliation

In its second issue, Fort Bend argues that the trial court erred in asserting subject-matter jurisdiction over Moore's chapter 21 retaliation claim. Tex. Labor Code § 21.055. As Moore's retaliation claim, like his discrimination claim, is based on circumstantial rather than direct evidence, we again apply the *McDonnell Douglas* burden-shifting framework to Fort Bend's plea to the jurisdiction. *Alamo Heights*, 544 S.W.3d at 782. To sustain his retaliation claim, Moore was required to make a prima facie showing that: (1) he engaged in a protected activity; (2) an adverse employment action occurred; and (3) a causal link existed between the protected activity and the adverse action. *Id.*

9

Fort Bend argues that Moore's August 2015 letter to Fort Bend's human-resources department, on which Moore bases his retaliation claim, does not constitute protected activity for purposes of the first prong of the prima facie case. In the letter, Moore writes, "I have been employed with the district for four years and now feel as though I am a victim of retaliation by Principal Clark and his administrative staff." The letter, however, does not make any allegation that the purported retaliation is on account of Moore's sex, nor does the letter discuss that or any other protected classification. The letter, accordingly, does not constitute protected activity for purposes of chapter 21 under the supreme court's guidance in *Alamo Heights*. *See id.* at 786–87 (while "magic words" are not required, letter did not constitute evidence of protected activity because it included no "indication of gender motivation").

Concluding that Moore did not present sufficient evidence to support a prima facie case of retaliation, we sustain Fort Bend's second issue.

### III. CONCLUSION

Having sustained Fort Bend's two issues, we reverse the trial court's order denying Fort Bend's plea to the jurisdiction and render judgment dismissing Moore's claims for want of subject-matter jurisdiction. Tex. R. App. P. 43.2(c).

/s/    Charles A. Spain
Justice

Panel consists of Justices Zimmerer, Spain, and Hassan.