**Opinion issued February 17, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00466-CV

————————————

**KARL WAWAROSKY, Appellant**

**V.**

**FAST GROUP HOUSTON INC., Appellee**

---

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2011-62792**

---

## MEMORANDUM OPINION

Karl Wawarosky appeals the trial court's rendition of a summary judgment in favor of Appellee FAST Group Houston Inc. Wawarosky sued FAST for unlawful termination, alleging that FAST knowingly discriminated against him on the basis of age and race, in violation of the Texas Commission on Human Rights

Act ("TCHRA"). FAST moved for summary judgment on no-evidence and traditional grounds, and the trial court granted the motion. We affirm.

## Background

Wawarosky, a Caucasian male, worked for FAST and its predecessor, EGC Corporation, for a combined 14 years, during which time he was eventually promoted to Tape Department Supervisor and received nearly a dozen raises, including two in 2010.

It is undisputed that on the morning of April 28, 2011, Wawarosky was at work and talking with two co-workers, James Wicmandy and Jose DeLeon, when he took a bullet out of his pocket and showed it to them. Wawarosky said that the bullet was real and told Wicmandy, "This one's got your name on it." DeLeon added, "it takes a silver bullet."

The bullet came up again that afternoon, but the evidence about what was said during the second incident is disputed. In support of its motion for summary judgment, FAST offered transcripts from the hearing held by the Texas Workforce Commission ("TWC") on Wawarosky's unemployment claim. According to the TWC hearing testimony of DeLeon and his supervisor, James Barnett, Wawarosky produced the bullet from his pocket and said that the bullet had DeLeon's name on it. Both Barnett and DeLeon testified at the TWC hearing that DeLeon told Barnett that this made DeLeon feel threatened.

In his own affidavit filed in support of his response to FAST's summary-judgment motion, Wawarosky averred that DeLeon asked him, "Do you still have the bullet with James' name on it?" and Wawarosky merely responded yes, and never took the bullet out of his pocket.

The summary-judgment evidence demonstrates that Barnett reported the incidents to Joy Cook, FAST's Director of Human Resources. Cook testified at the TWC hearing that she determined that Wawarosky violated FAST's policy prohibiting (1) "possession of firearms, weapons, explosives, or incendiary or other destructive devices on company property" and (2) "intimidating, coercive, violent, abusive, or hostile behavior"—which justified immediate termination—and that Wawarosky would be terminated. Wawarosky's Termination Form, also included in FAST's summary-judgment evidence, showed that Wawarosky was terminated because he "made threats towards other employees."

Wawarosky filed an application for unemployment benefits, which was denied by the TWC because he was fired for violating company rules and policies. Wawarosky also filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), claiming that FAST discriminated against him because of his race. He did not allege age discrimination. The EEOC found no statutory violations and issued a right to sue letter.

Wawarosky sued FAST, claiming that he was unlawfully terminated on the basis of his age and race. Eight months later, FAST filed a combined no-evidence and traditional motion for summary judgment. The trial court continued the summary judgment hearing until September 14, 2012 to allow Wawarosky to conduct additional discovery. Wawarosky moved to compel responses to two interrogatories, but the trial court denied the motion to compel on September 7, 2012, a week before he overruled Wawarosky's objections to FAST's summary-judgment evidence and granted the summary-judgment motion.

## Discussion

Wawarosky challenges the summary judgment on five grounds: (1) the trial erroneously denied Wawarosky's motion to compel, (2) Wawarosky did not have adequate time for discovery before the trial court granted the motion, (3) the trial court erroneously overruled Wawarosky's objections to FAST's summary-judgment evidence, (4) Wawarosky exhausted his administrative remedies, and (5) FAST's reliance on company policy violations as a justification for his termination is pretextual. We address each contention in turn.

## A.    Wawarosky's motion to compel

### 1.    Standard of Review and Applicable Law

We review a trial court's ruling on a motion to compel discovery for an abuse of discretion. *Austin v. Countrywide Homes Loans*, 261 S.W.3d 68, 75 (Tex.

App.—Houston [1st Dist.] 2008, pet. denied).  Generally, the scope of discovery is within the trial court's discretion; however, the trial court must impose reasonable discovery limits.  *In re CSX Corp.*, 124 S.W.3d 149, 152 (Tex. 2003) (orig. proceeding) (per curiam).  A party may obtain discovery "regarding any matter that is not privileged and is relevant to the subject matter of the pending action."  TEX. R. CIV. P. 192.3(a).  Discovery requests must show a reasonable expectation of obtaining information that will aid the dispute's resolution and, therefore, must be reasonably tailored to include only relevant matters.  *In re CSX Corp.*, 124 S.W.3d at 152.  A trial court must sustain a party's objection to discovery requests that are not reasonably tailored to include only relevant matters.  *See id.*

## 2. Analysis

Wawarosky contends that the trial court erred in denying his motion to compel responses to two interrogatories:

Interrogatory 1:

Identify any and all employees . . . who have been reported or disciplined in the last four years for safety violations.

Interrogatory 3:

Identify any and all employees . . . who were terminated for violating a company policy during the last four years.

FAST objected to both on the basis that the requests sought irrelevant information and were overly burdensome and overbroad.

5

"Overbroad requests encompass time periods or activities beyond those at issue in the case—in other words, matters of questionable relevance." *In re Jacobs*, 300 S.W.3d 35, 44 (Tex. App.—Houston [14th Dist.] 2009, orig. proceeding [mand. dism'd]). Here, Wawarosky was terminated for threats towards employees—violating FAST policies prohibiting intimidating behavior and possession of firearms, weapons, or similar devices at FAST—which, according to FAST, justified immediate termination. But Wawarosky did not tailor his interrogatories to violations of the same polices or types of policies, or even to violations of policies that justify immediate termination. Rather, interrogatories 1 and 3 sought information about reports, discipline, and terminations involving employees who committed *any* safety violations and violated *any* company policy in the last four years. Accordingly, we conclude that the trial court did not abuse its discretion in denying the motion to compel on the basis that the discovery sought was overbroad. *See K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex. 1996) (in case involving abduction from parking lot, request for description of all criminal conduct at same location during preceding seven years held overbroad); *Texaco, Inc. v. Sanderson*, 898 S.W.2d 813, 814–15 (Tex. 1995) (in case involving exposure to toxic chemicals that allegedly caused asbestos-related disease, request for "all documents written by [defendant's safety director] that

6

concern[ed] safety, toxicology, and industrial hygiene, epidemiology, fire protection and training" was overbroad).

**B.     Adequate time for discovery**

"A party may move for a no-evidence summary judgment only '[a]fter adequate time for discovery.'" *Specialty Retailers, Inc. v. Fuqua*, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (citing TEX. R. CIV. P. 166a(i)). "An adequate time for discovery is determined by the nature of the cause of action, the nature of the evidence necessary to controvert the no-evidence motion, and the length of time the case had been active in the trial court." *Id.* In determining whether adequate time for discovery passed, we examine: (1) the nature of the case; (2) the nature of evidence necessary to controvert the no-evidence motion; (3) the length of time the case was active; (4) the amount of time the no-evidence motion was on file; (5) whether the movant requested stricter deadlines for discovery; (6) the amount of discovery that has already taken place; and (7) whether the discovery deadlines in place were specific or vague. *Brewer & Pritchard, P.C. v. Johnson*, 167 S.W.3d 460, 467 (Tex. App.—Houston [14th Dist.] 2005, pet. denied). We review the trial court's determination that an adequate time for discovery passed in granting a no-evidence summary-judgment motion for an abuse of discretion. *Specialty Retailers*, 29 S.W.3d at 145.

Wawarosky filed his petition on October 18, 2011. The claims asserted in the petition—that FAST violated the TCHRA by knowingly and willingly discriminating against Wawarosky on the basis of age and race—are not complex.

The docket control order required the parties to set summary-judgment motions for hearing or submission by September 28, 2012, and set the close of the discovery period on September 28, 2012. There is no indication that FAST requested stricter deadlines for discovery.

The record reveals that Wawarosky conducted some discovery. First, his response to FAST's motion for summary judgment included portions of the personnel file of another FAST employee, Marco Chavez, indicating Wawarosky obtained FAST documents. Wawarosky also served interrogatories to which FAST responded on February 21, 2012, four months before it moved for summary judgment.[1]

FAST filed its motion for summary judgment on June 19, 2012, by which time Wawarosky had over eight months to conduct discovery, and less than four months remained before discovery closed. The motion was on file for nearly three months before the trial court granted it, because the trial court granted Wawarosky's July motion to continue the summary judgment hearing for the

---

[1]     The record reflects that Wawarosky first complained about FAST's responses in his motion to compel dated July 30, 2012, which he filed over a month after FAST moved for summary judgment.

8

express purpose of allowing Wawarosky more time to conduct discovery. Thus, by the time the trial court ruled on the motion, Wawarosky had nearly 11 months to conduct discovery, and only two weeks remained before the close of discovery.

Considering all of these factors, we conclude that Wawarosky failed to demonstrate that the trial court abused its discretion by granting FAST's motion for summary judgment without allowing adequate time for discovery. *See Madison v. Williamson*, 241 S.W.3d 145, 155–56 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) (holding trial court did not abuse discretion in granting no-evidence motion for summary judgment because lawsuit had been pending for over a year at time trial court granted summary judgment, trial court extended discovery once, appellant made no effort to specify additional evidence needed to respond, or the reason she could not obtain it during discovery period).

## C. Wawarosky's objections to FAST's summary-judgment evidence

Wawarosky contends that the trial court erred in overruling his objections to FAST's summary-judgment evidence, which he argues was not properly authenticated and constituted inadmissible hearsay.

### 1. Standard of Review and Applicable Law

Documents submitted as summary judgment proof must be sworn to or certified. TEX. R. CIV. P. 166a(f). "Unauthenticated or unsworn documents, or documents not supported by any affidavit, are not entitled to consideration as

9

summary judgment evidence." *Mackey v. Great Lakes Investments, Inc.*, 255 S.W.3d 243, 252 (Tex. App.—San Antonio 2008, pet. denied) (quoting *Llopa, Inc. v. Nagel*, 956 S.W.2d 82, 87 (Tex. App.—San Antonio 1997, writ denied)).

We review a trial court's ruling overruling objections to summary-judgment evidence for an abuse of discretion. *Finger v. Ray*, 326 S.W.3d 285, 290 (Tex. App.—Houston [1st Dist.] 2010, no pet.). The appellant bears the burden of bringing forth a record sufficient to show that the trial court abused its discretion when it overruled the objections. *Cantu v. Horany*, 195 S.W.3d 867, 871 (Tex. App.—Dallas 2006, no pet.). To reverse a judgment based on a claimed error in admitting or excluding evidence, a party must show that the error probably resulted in an improper judgment. TEX. R. APP. P. 41.1; *Interstate Northborough P'ship v. State*, 66 S.W.3d 213, 220 (Tex. 2001). "Typically, a successful challenge to a trial court's evidentiary rulings requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted." *Interstate Northborough P'ship*, 66 S.W.3d at 220.

### *2. Analysis*

### (a) Authentication

Wawarosky objected that FAST's Employee Handbook had not been properly authenticated. In her affidavit, which FAST offered in support of its motion, Patti Saurage,[2] a human resources manager, averred:

> I am an authorized custodian of records for FAST. I have personal knowledge of the fact that the [Employee Handbook] attached to FAST's Motion for Summary Judgment [is] from records kept by FAST in the regular course of business, and it was the regular course of business of FAST for an employee or representative of FAST, with knowledge of the act, event, condition, opinion, or diagnosis recorded to make the records or to transmit information thereof to be included in such records; and the records were made at or near the time or reasonably soon thereafter. The records attached to FAST's Motion for Summary Judgment as Exhibits B [Employee Handbook] and K-1 are true and correct copies of the originals.

This was sufficient to authenticate the handbook. *See* TEX. R. EVID. 902(10) (business records are self-authenticated if accompanied by the custodian of record's affidavit meeting Rule 902(10)(b)'s requirements—that person is custodian of record, record kept in regular course of business, record made at time, and record is original or exact duplicate); *H20 Solutions, Ltd. v. PM Realty Grp, LP*, 438 S.W.3d 606, 622–23 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

---

[2] Joy Cook, the Human Resources Manager of FAST at the time Wawarosky was terminated, resigned from FAST before FAST moved for summary judgment. Patti Saurage was the Human Resources Manager at the time FAST moved for summary judgment.

Wawarosky also objected that two transcripts of TWC hearings were not properly authenticated. But the copies of the transcripts are authenticated and certified by the reporter who transcribed the hearing. *See* TEX. R. EVID. 902(4) (a copy of a public record is self-authenticating when "certified as correct by the custodian or other person authorized to make the certification").

Wawarosky next objected that TWC's "Appeal Tribunal Decision" was not properly authenticated. Rule of Evidence 902 provides for self-authentication of domestic public documents under seal. TEX. R. EVID. 902(1) ("A document bearing a seal purporting to be that of . . . any State, . . . or of a . . . department, officer, or agency thereof, and a signature purporting to be an attestation or execution" is self-authenticating). The Decision was self-authenticated because it bore the TWC seal and the hearing officer's signature. *See id.*

Wawarosky next contends that the TWC documents denying Wawarosky's claim and appeal, the EEOC charge, and the EEOC's Dismissal and Notice of Rights were not properly authenticated. Even if Wawarosky is correct, we will not reverse for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1; *Interstate Northborough P'ship*, 66 S.W.3d at 220. An error in the admission of evidence does not meet this standard where other uncontroverted evidence proves the same facts sought to be proved by the unauthenticated evidence. *See Interstate*

*Northborough P'ship*, 66 S.W.3d at 220 (error in admitting evidence is generally harmless if contested evidence is merely cumulative of properly admitted evidence); *Fairmont Supply Co. v. Hooks Indus., Inc.*, 177 S.W.3d 529, 532 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (same).

Here, Wawarosky's deposition testimony reflects that Wawarosky acknowledged that the four documents were what they purported to be. Specifically, Wawarosky acknowledged during his deposition that (1) the TWC documents reflected that the TWC denied his unemployment benefits claim and appeal, (2) the EEOC charge reflected that he filed the charge based solely on race, and (3) the EEOC's Dismissal and Notice of Rights document reflected that the EEOC issued a Dismissal and Notice of Rights stating that the EEOC was unable to conclude that the information contained in his charge established any violations. We thus conclude that these four challenged documents were cumulative of Wawarosky's deposition testimony. Accordingly, any error in admitting them was harmless. *See Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 366 (Tex. App.— Houston [1st Dist.] 2007, no pet.) (admitting appellee's affidavit was harmless because other summary-judgment evidence included same information); *Fairmont Supply Co.*, 177 S.W.3d at 532 (any error in admitting evidence was harmless because it was cumulative).

### (b) Hearsay

Wawarosky also objected that the two TWC hearing transcripts, the "Appeal Tribunal Decision," denying his claim and appeal, and the EEOC charge and Dismissal and Notice of Rights constitute inadmissible hearsay.

The public records exception to the hearsay rule provides, in relevant part, that "[r]ecords, reports, statements or data compilations, in any form, of public offices or agencies setting forth the activities of the office or agency" are not excluded by the hearsay rule "unless the sources of information or other circumstances indicate lack of trustworthiness."  TEX. R. EVID. 803(8).

We conclude the TWC hearing transcripts, TWC "Appeal Tribunal Decision," TWC document denying Wawarosky's claim and appeal, EEOC charge, and the EEOC's Dismissal and Notice of Rights are admissible because they fit within this exception.  Each of the seven documents is a record "setting forth the activities of the office or agency"—in this case, the TWC and EEOC. And nothing about them indicates a lack of trustworthiness.  *See 1001 McKinney Ltd. v. Credit Suisse First Boston Mortg. Capital*, 192 S.W.3d 20, 28 (Tex. App.— Houston [14th Dist.] 2005, pet. denied) ("Rule 803(8) creates a presumption of admissibility, with the burden being placed on the party opposing the admission of the report to show its untrustworthiness.").  Accordingly, these seven documents are admissible under the public records exception to the hearsay rule.  *See* TEX. R.

14

EVID. 803(8); *1001 McKinney Ltd.*, 192 S.W.3d at 27–28 (holding certified letter from Department of Housing and Urban Development admissible as public record exception under Rule 803(8) because it was a report "setting forth the activities of the office or agency" and did not indicate lack of trustworthiness).

We hold that the trial court did not abuse its discretion in overruling Wawarosky's objections to FAST's summary-judgment evidence.

## D.    Summary Judgment

"We review a trial court's summary judgment de novo." *Travelers Ins. Co. v. Joachim*, 315 S.W.3d 860, 862 (Tex. 2010). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). When a party has filed both a traditional and a proper no-evidence summary-judgment motion, we typically first review the trial court's summary judgment under the no-evidence standard of Texas Rule of Civil Procedure 166a(i). *Essex Crane Rental Corp. v. Carter*, 371 S.W.3d 366, 375 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

"To prevail on a no-evidence motion for summary judgment, the movant must establish that there is no evidence to support an essential element of the non-movant's claim on which the nonmovant would have the burden of proof at trial." *Id.* (citing TEX. R. CIV. P. 166a(i); *Hahn v. Love*, 321 S.W.3d 517, 523–24 (Tex. App.—Houston [1st Dist.] 2009, pet. denied)). "The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to each of the elements specified in the motion." *Id.*; *see also Hahn*, 321 S.W.3d at 526. "'The trial court must grant the motion unless the nonmovant produces more than a scintilla of evidence raising a genuine issue of material fact on the challenged elements.'" *Essex Crane Rental*, 371 S.W.3d at 376 (quoting *Flameout Design & Fabrication, Inc. v. Pennzoil Caspian Corp.*, 994 S.W.2d 830, 834 (Tex. App.—Houston [1st Dist.] 1999, no pet.)).

### 1. Age discrimination

In its summary-judgment motion, and on appeal, FAST argues that Wawarosky failed to exhaust his administrative remedies with regard to his age discrimination claim because he did not file a complaint of age discrimination with the EEOC. Wawarosky contends that summary judgment was not proper on his age discrimination claim because it grew out of his claim of race discrimination.

16

### (a) Applicable Law

"To bring a suit for unlawful employment practices, a plaintiff must first have filed an administrative complaint with the EEOC or the TCHR 'not later than the 180th day after the date the alleged unlawful employment practice occurred.'" *Univ. of Texas v. Poindexter*, 306 S.W.3d 798, 807 (Tex. App.—Austin 2009, no pet.) (citing TEX. LAB. CODE ANN. § 21.202(a) (West 2008)). When filing suit, a plaintiff "may raise only the specific issue made in the employee's administrative complaint and 'any kind of discrimination like or related to the charge's allegations.'" *Elgaghil v. Tarrant Cnty. Junior Coll.*, 45 S.W.3d 133, 141 (Tex. App.—Fort Worth 2000, pet. denied) (quoting *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)).

Because a plaintiff claiming employment discrimination is not required to "check a certain box or recite a specific incantation to exhaust his or her administrative remedies before the proper agency," "the plaintiff's administrative charge will be read somewhat broadly, in a fact-specific inquiry into what EEOC investigations it can reasonably be expected to trigger." *Pacheco v. Mineta*, 448 F.3d 783, 792 (5th Cir. 2006). Therefore, claims are limited to those claims that "could reasonably be expected to grow out of the initial charges of discrimination." *See Estate of Martineau v. ARCO Chemical Co.*, 203 F.3d 904, 913 (5th Cir. 2000).

17

**(b) Analysis**

Wawarosky's EEOC charge mentions only race and does not include any claim of age discrimination. As summary-judgment evidence, FAST offered a transcript of Wawarosky's deposition in which he admitted that nothing in the EEOC charge indicated that he claimed discrimination based on age. Although a plaintiff is entitled to bring claims that could reasonably be expected to grow out of his underlying charge of discrimination, the claim is barred if it was a specific form of discrimination that was not alleged in the underlying charge of discrimination with the EEOC. *See Kretchmer v. Eveden, Inc.*, 374 Fed. App'x 493, 495 (5th Cir. 2010) (unpublished) (per curiam) (holding appellant had not exhausted his sex discrimination claim and trial court did not err in dismissing it because appellant's EEOC charge contained only factual allegations of claims of religious and age discrimination). Accordingly, Wawarosky's age discrimination claim is barred and the trial court did not err in granting summary judgment on this claim. *See id.*; *ATI Enters., Inc. v. Din*, 413 S.W.3d 247, 253–54 (Tex. App.—Dallas 2013, no pet.) (appellant failed to exhaust administrative remedies with respect to retaliation claim where charge contained only allegation of discrimination based on national origin, despite evidence that appellant orally told EEOC representative about retaliation claim); *Dworschak v. Transocean Offshore Deepwater Drilling, Inc.*, 352 S.W.3d 191, 200 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (affirming

summary judgment on age-discrimination claim where appellant attached no evidence in his response to summary-judgment motions to raise fact issue on question of exhaustion of remedies).

**2.** **Race discrimination**

**(a) Applicable Law**

The TCHRA prohibits an employer from discharging an individual on the basis of race. TEX. LAB. CODE ANN. § 21.051 (West 2008). Because one of the purposes of the TCHRA is to execute the policies of Title VII, in appropriate cases, Texas courts are guided by analogous federal statutes and cases interpreting them in applying the TCHRA. *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 507 (Tex. 2012); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).

In analyzing cases brought under the TCHRA without direct evidence of discriminatory intent, we follow the burden shifting analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802, 93 S. Ct. 1817, 1824 (1973); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 634 (Tex. 2012); *Russo v. Smith Int'l*, 93 S.W.3d 428, 434 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). The plaintiff is first required to present a prima facie case of discrimination. *Garcia*, 372 S.W.3d at 634; *Russo*, 93 S.W.3d at 434; *Gold v. Exxon Corp.*, 960 S.W.2d 378, 381 (Tex. App.—Houston [14th Dist.] 1998, no

pet.). If the plaintiff does so, the burden shifts to the defendant to produce evidence showing a "'legitimate, nondiscriminatory reason' for the adverse employment actions." *Gold*, 960 S.W.2d at 381 (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507, 113 S. Ct. 2742, 2747 (1993)). If the defendant succeeds in carrying its burden, the plaintiff must then prove, by a preponderance of the evidence, that the defendant's reasons are merely a pretext for discrimination. *Russo*, 93 S.W.3d at 434 (citing *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53, 101 S. Ct. 1089, 1093 (1981)).

### (b) Analysis

We assume, without deciding, that Wawarosky made a prima facie case of race discrimination and shifted to FAST the burden of offering a legitimate, non-discriminatory reason for terminating Wawarosky. FAST adduced the following summary-judgment evidence to meet this burden:

(1) FAST's handbook providing for immediate termination if an employee violated policies prohibiting (1) "possession of firearms, weapons, explosives, or incendiary or other destructive devices on company property" or (2) "intimidating, coercive, violent, abusive, or hostile behavior."

(2) Wicmandy's and DeLeon's TWC hearing testimony that Wawarosky took the bullet out of his pocket in front of them and said that the bullet had Wicmandy's name on it.

(3) Barnett's TWC hearing testimony that Wawarosky took the bullet out of his pocket and said the bullet had DeLeon's name on it.

(4) Barnett's and Cook's TWC hearing testimony to the effect that Barnett reported the incident to Cook.

(5) Cook's TWC hearing testimony that she decided to and did terminate Wawarosky for violating FAST's policies prohibiting possession of firearms, weapons, explosives, incendiary, or other destructive devices at FAST and prohibiting intimidating behavior.

(6) Wawarosky's Termination Form stating that Wawarosky was terminated because he "made threats towards employees."

Thus, FAST adduced summary-judgment evidence of a legitimate non-discriminatory reason for terminating Wawarosky: Barnett told Cook that Wawarosky displayed a bullet and said that it had DeLeon's name on it, and Cook determined that this violated FAST's policies and called for immediate termination.

In response, Wawarosky offered his own affidavit in which he disputed some details of Barnett's account of the incident. For example, Wawarosky averred that when the bullet came up in the afternoon—for the second time that day—he did not take the bullet out of his pocket in front of Barnett and he did not say it had DeLeon's name on it. But Wawarosky conceded that he took the bullet out of his pocket while talking with Wicmandy and DeLeon and that he told Wicmandy, albeit jokingly, that the bullet had Wicmandy's name on it. Wawarosky also attempts to raise a fact issue by averring that Wicmandy did not actually feel threatened, and by pointing out that FAST "failed to produce any

evidence that a 'bullet' by itself constitutes a firearm, weapon, explosive, incendiary or other destructive device."

But, "[i]n cases in which an employer discharges an employee based on the complaint of another employee, the issue is not the truth or falsity of the allegation, but 'whether the employer reasonably believed the employee's allegation and acted on it in good faith.'" *Jackson v. Cal-Western Packaging Corp.*, 602 F.3d 374, 379 (5th Cir. 2010) (quoting *Waggoner v. City of Garland*, 987 F.2d 1160, 1165 (5th Cir. 1993)). Here, the evidence showed that Cook had a reasonable belief, based on Barnett's report, that Wawarosky violated FAST's policies. Wawarosky has presented no evidence to raise a fact issue as to Cook's good faith belief or her reliance on it in deciding to terminate Wawarosky. *See id.* (no fact issue where appellant presented no evidence "as to why the company's reliance on the evidence against him was in bad faith"). Wawarosky's proof that he did not also take the bullet out of his pocket in front of Barnett in the afternoon, did not also tell DeLeon that it had his name on it, and that Wicmandy did not feel threatened fails to raise a fact issue as to Cook's good faith belief in and reliance on Barnett's report. *See id.* (appellant's "assertion of innocence alone does not create a factual issue as to the falsity of [the employer's] proffered reason for terminating him"). Similarly, Wawarosky's assertion that FAST's policy prohibiting possession of "firearms, weapons, explosives, or incendiary or other destructive devices" did not

22

prohibit possession of bullets fails to raise a fact issue regarding Cook's belief that Wawarosky violated the policy. Accordingly, we conclude that Wawarosky failed to raise a fact issue as to whether FAST met its burden to demonstrate that it had a legitimate, non-discriminatory reason for terminating him.

Wawarosky also argues that even if FAST met its burden, summary judgment was improper because Wawarosky met his burden to adduce evidence that FAST's articulated reasons for termination were pretextual. To avoid summary judgment, Wawarosky had to provide more than a scintilla of evidence that the true reason FAST fired him was racial discrimination. *See Chandler v. CSC Applied Technologies, LLC*, 376 S.W.3d 802, 814 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("A plaintiff can avoid summary judgment if the evidence, taken as a whole, creates a fact issue 'as to whether each of the employer's stated reasons was not what actually motivated the employer and creates a reasonable inference that [race] was a determinative factor in the actions the plaintiff is now complaining about.'"); *Elgaghil*, 45 S.W.3d at 140 (to raise fact issue on pretext element of race-discrimination claim, nonmovant must present evidence "indicating that the non-discriminatory reason given by the employer is false or not credible, and that the real reason for the employment action was unlawful discrimination.").

In an effort to raise a fact issue on pretext, Wawarosky adduced evidence demonstrating that a Hispanic coworker, Chavez, violated FAST's policies, but was terminated only after receiving numerous write-ups and suspensions and after a thorough investigation was completed. The evidence showed that Chavez was terminated for a "safety violation" after running a scissor lift into Wawarosky while cursing at Wawarosky. By contrast, Wawarosky points out that he was terminated immediately after only one policy violation, with no investigation, and despite his glowing employment record.

We note that Title VII is not intended to protect against "unfair business decisions," but against discriminatory decisions. *Nieto v. L&H Packing Co.*, 108 F.3d 621, 624 (5th Cir. 1997) (citation omitted). And, only "ultimate employment decisions," such as hiring, granting leave, discharging, promoting, and compensation, qualify as adverse employment actions for a disparate treatment action based on race. *Washington v. Veneman*, 109 Fed. App'x 685, 689 (5th Cir. 2004). Many actions taken by an employer, though unfavorable to an employee, do not constitute a basis for discrimination because they do not qualify as an ultimate employment decision. *See Messer v. Meno*, 130 F.3d 130, 140 (5th Cir. 1997) (close monitoring of employee's conversations, criticism of an employee's work and conduct, downsizing employee's staff as part of agency-wide reduction, and refusing to consider employee's input in business decisions do not constitute

ultimate employment decisions); *King v. Louisiana*, 294 Fed. App'x 77, 85–86 (5th Cir. 2008) (citing *Burlington Northern v. White*, 548 U.S. 53, 68, 126 S. Ct. 2405, 2415 (2006)), *cert. denied*, 129 S. Ct. 2053 (2009) ("Even taken in a light most favorable to [plaintiff], allegations of unpleasant work meetings, verbal reprimands, improper work requests, and unfair treatment do not constitute actionable adverse employment actions as discrimination or retaliation."). Similarly, Title VII does not cover "every decision made by employers that arguably might have some tangential effect upon those ultimate decisions." *Banks v. E. Baton Rouge Parish Sch. Bd.*, 320 F.3d 570, 575 (5th Cir. 2003). And allegations of unfair treatment do not constitute actionable adverse employment actions. *King*, 294 Fed. App'x at 85 (citing *Breaux v. City of Garland*, 205 F.3d 150, 158 (5th Cir. 2000)).

Because Wawarosky was an at-will employee, FAST was not required to conduct an investigation regarding his violation of policy before terminating him. *See Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 740 (Tex. 2003) (holding that an at-will employer need not conduct investigation before terminating employee and employer may terminate for any reason, as long as it was not illegal, or no reason at all). Although the evidence shows that Chavez's policy violations were investigated before termination, while Wawarosky's were not, unfair treatment regarding an investigation does not constitute a basis for discrimination

because it is not an ultimate employment decision. *See King*, 294 Fed. App'x at 85. Therefore, Wawarosky failed to raise a genuine issue of material fact by contending that he, unlike Chavez, did not have the benefit of an investigation. *See Canchola*, 121 S.W.3d at 740 ("[I]t is not sufficient for [the employee] to present evidence that the [employer's] investigation was imperfect, incomplete, or arrived at a possibly incorrect conclusion").

In sum, we hold that Wawarosky's evidence fails to raise a fact issue regarding pretext. Accordingly, we hold that the trial court did not err in granting FAST's motion for summary judgment.

## Conclusion

We affirm the trial court's judgment.

Rebeca Huddle
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.